UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE DIAZ,<br><br>       Plaintiff,<br><br>vs.<br><br>S. SMITH, ET AL.,<br><br>       Defendants | Case No.1:14 cv 01055 LJO GSA PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED AS TIME-BARRED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

   Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff, a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison, brings this civil rights action against Defendant correctional officials employed by the California Department of Corrections and Rehabilitation at Corcoran State Prison, where the events at issue occurred.  Plaintiff names as Defendants  Associate Warden Sherman, Captain Lais, Lieutenant Ybarra and Sergeant Smith. Plaintiff claims that Defendants were deliberately indifferent to a serious risk of harm, resulting in injury to Plaintiff.

Plaintiff's claim stems from a disciplinary hearing conducted by Lt. Ybarra on January 14, 2006. Plaintiff claims that the premise of the hearing was a falsified disciplinary report. All of the conduct charged to Defendants in this case stems from the conduct and various levels of administrative review of this hearing. All of the alleged conduct occurred on 2006.

The Federal Civil Rights Act does not contain its own limitations period. Bd. of Regents v. Tomanio, 446 U.S. 478, 483 (1980). Therefore, federal courts apply the forum state's statute of limitations for personal injury torts. Id. The statute of limitations for an action filed under 42 U.S.C. § 1983 is the state's general or residual statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. at 280; Owens v. Okure, 488 U.S. 235, 249-50, (1989). Effective January 1, 2003, the statute of limitations in California for assault, battery and other personal injury claims is two years, instead of one. Cal. Code Civ. Proc. § 335.1.; Jones v. Blanas, 393 F.3d 981, 927 (9th Cir. 2004). A § 1983 action filed after that date is governed by the two year statute of limitations for personal injury actions. Id. (citing Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004)). Federal courts apply state law governing the tolling of the statute of limitations as long as the result is not inconsistent with federal law. Hardin v. Straub, 490 U.S. 536, 543-44 (1989). Prior to 1995, the statute of limitations was tolled during any continuous period of incarceration, unless the plaintiff was serving a life term. See former Cal. Code Civ. Proc. § 352(a)(3). In 1995, the tolling statute was amended to provide for a two year period of tolling for non-life prisoners. Carlson v. Blatt, 87 Cal.App.4th 646, 649 (2001); Cal. Code Civ. Proc. §352.1. Finally, the statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993). That is the case here – the defense appears complete and obvious from the face of the complaint.

Plaintiff alleges conduct that occurred in 2006.  Plaintiff had two years, plus two years statutory tolling, for a period of four years in which to file his complaint.  The complaint in this action was filed on July 7, 2014, well past the statute of limitations for bringing such a suit.

Accordingly, IT IS HEREBY RECOMMENDED that this action is dismissed as time-barred for failure to file within the applicable statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S. C. § 636(b)(1)(B).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v.</u> Wheeler, F.3d __, 11-17911, 2104 WL 6435497, at*3 (9th Cir. Nov. 18, 2014)(citing <u>Baxter v.</u> Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 12, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE